United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRANITE VEHICLE VENTURES LLC,<br><br>Plaintiff,<br><br>v.<br><br>TESLA INC.,<br><br>Defendant. | Case No.  26-cv-01457-TLT   (TSH)<br><br>**PUBLIC VERSION OF DISCOVERY ORDER AT ECF NO. 205**<br><br>Re: Dkt. Nos. 104, 107, 121 |

In ECF No. 190, the parties filed a status report indicating which discovery disputes remain pending.  There are three:  Tesla's response to interrogatory 10, financial documents, and development cost documents.

**A.      ECF Nos. 104 and 107 (rog 10)**

Granite's rog 10 asked:

> To the extent You contend that acceptable non-infringing substitutes or design arounds exist for the Asserted Claims (collectively, a "Design Around"), identify and describe all such Design Around(s), and if you have implemented such Design Around, the facts and circumstances surrounding such implementation.  For clarity, your answer should include an identification of all persons involved in the development and implementation of the Design Around, the particular hardware and/or software component(s) in which the Design Around is (or is to be) implemented, the costs of any such implementations, the date on which the Design Around [w]as first implemented, and whether the Design Around is contained in the Accused Products.  For any planned implementation of a Design Around, Your answer should include the intended dates of any such implementations and the expected costs of any such implementations.  Your answer should also state why you contend each Design Around is non-infringing and why you contend each Design Around is commercially acceptable.

Tesla answered rog 10 differently for design arounds and non-infringing alternatives.

Tesla stated that it "understands that 'Design Around,' in the context of this Request, means a

planned or potential design change that Tesla intends to, or has considered to, adopt in response to GVV's infringement allegations under the Asserted Patents." Tesla then stated that it "has no current plans to make changes to its products in response to GVV's infringement allegations."

The rest of Tesla's answer addressed non-infringing alternatives. Tesla identified its own vehicles as non-infringing alternatives. Tesla then said that the prior art disclosed in its invalidity contentions "could serve as alternative technology to that claimed in Asserted Patents." Tesla then went on to say that "[a]s one non-limiting example," Tesla Autopilot on Hardware 1 was prior art and cannot infringe. Tesla then added that the unenforceable claims of the Asserted Patents are available alternatives. Its supplemental response to the rog adds nothing of substance.

In its motion to compel, Granite primarily argues that Tesla's rog response is deficient in the way it points to Tesla's invalidity contentions.[1] The Court agrees. The way Tesla has pointed to its invalidity contentions means that Tesla has not provided a clear answer to the rog. Even if Tesla takes the view that all prior art is by definition non-infringing, and it seems like Tesla is arguing that, the way Tesla points to the invalidity contentions is still vague and unclear. Tesla's rog response says "each of the solutions disclosed in the prior art" is alternative technology, but it is unclear what that means. That could mean each reference, each embodiment in each reference, or something else. Tesla's rog response also refers to "obvious combinations of those prior art references" and "obvious combinations thereof," which is hiding the ball. Granite should not be forced to guess what Tesla thinks is obvious. Tesla must say what it thinks the obvious combinations are that constitute the non-infringing alternatives. Tesla must answer rog 10 with a list of the non-infringing alternatives. Granite must be able to read Tesla's rog response and know what Tesla contends. Tesla must also provide the rest of the information rog 10 requests, such as why each alternative is non-infringing, and why each alternative is commercially acceptable. This is a contention rog, so the "why" parts just ask for why Tesla contends that, which by definition Tesla knows.

[1] Granite also objects to Tesla's drawing a distinction between design-arounds and non-infringing substitutes, arguing that its rog asks about both. While that is true, Tesla at least purported to discuss both in its response. The only substantive deficiency Granite points to in the rog response is the reference to the invalidity contentions.

United States District Court
Northern District of California

The Court rejects Tesla's argument that granting this motion to compel forces Tesla to prematurely disclose expert testimony.  Just because there will likely be expert reports down the road concerning non-infringing alternatives, commercial availability, and perhaps other issues relating to rog 10 doesn't mean that the company has no knowledge of these subjects for purposes of fact discovery.  Tesla's response to rog 10 did not say "we don't know anything about this."  Rather, it pointed at its invalidity contentions in an unclear manner, obscuring the actual answer.  Tesla is represented in this action by a long list of in-house and outside counsel.  The company absolutely has contentions about what the non-infringing alternatives are and why, even if those contentions may be supplemented by expert reports later.  And, of course, Tesla is obligated to supplement its rog response as it learns more information in discovery.

Accordingly, the Court **GRANTS** Granite's motion to compel.

**B.      ECF No. 121 (Financial Documents and Development Cost Documents)**

At the hearing the parties indicated that there may be utility in a further attempt to resolve the dispute over these categories of documents.  Accordingly, as discussed at the hearing, the Court **ORDERS** the parties to meet and confer and to file one of two things no later than July 17, 2026:  a notice that they have resolved this dispute, or a joint discovery letter brief not to exceed five pages that sets forth their respective positions.

**IT IS SO ORDERED.**

Dated: July 7, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge