United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GRANITE VEHICLE VENTURES LLC,
Plaintiff,

v.

TESLA INC.,
Defendant.

Case No. 26-cv-01457-TLT

**ORDER GRANTING UNOPPOSED MOTION TO SEAL**

Re: Dkt. No. 191

Before the Court is Defendant's Administrative Motions To File Materials Under Seal pursuant to Civil Local Rule 79-5. ECF 191. Defendant has simultaneously filed the Declaration of Katherine D. Prescott in support of this motion. ECF 191-10. Plaintiff did not file an opposition to this motion.

For the reasons stated below, the Court **GRANTS** Defendant's motion to file certain materials related to the parties' discovery obligations under seal.

## I. DISCUSSION

Generally, a party seeking to file document under seal for a "discovery motion unrelated to the merits of the case" need only demonstrate "good cause to seal." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). However, where the "requested relief would . . . restrict the evidence [a party] could present at trial" courts have found that the motion is "more than tangentially related to the merits of [a] case." *Aero v. Boeing Co*., 2024 WL 357787, at *2 (W.D. Wash. Jan. 31, 2024); *Tan v. Konnektive Rewards, LLC*, 2023 WL 2336893, at *3 (S.D. Cal. Mar. 2, 2023).

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor

of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id*. at 1178-79 (internal quotation marks and citations omitted). "In general, 'compelling reasons' . . . exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*. (citing *Foltz*, 331 F.3d at 1136).

Finally, request to seal satisfies compelling reasons standard where those requests are "narrowly tailored" to protect those interests that need safeguarding. *Contra Hussain v. Burger King Corp*., 2023 WL 2940032, at *2 (N.D. Cal. Mar. 15, 2023).

Courts have found the compelling reason standard to be met when the information sought to be sealed includes proprietary business or sales information and sensitive commercial research or development data. *Algarin v. Maybelline*, LLC, No. 12-cv-3000, 2014 WL 690410, at *2 (S.D. Cal. Feb. 21, 2014). Moreover, courts have found that such confidential business information also meets the "less exacting" good cause standard. *Skillz Platform Inc. v. AviaGames Inc*., No. 21-cv-02436, 2023 WL 5767465, at *3 (N.D. Cal. Sept. 6, 2023); *see also Blockchain Innovation, LLC v. Franklin Res., Inc*., No. 21-cv-08787, 2024 WL 4394758, at *2 (N.D. Cal. Oct. 3, 2024) ("Courts in this district have routinely sealed documents that contain trade secret information and confidential or proprietary information that may cause competitive harm if disclosed.").

The portions of the documents sought to be filed under seal contain confidential, proprietary information pertaining to Tesla, Inc. This information includes discussion of trade secrets, pricing and revenue data, marketing and sales information, and other proprietary product information. This Court may seal the "trade secrets or other confidential research, development, or commercial information," such as the information identified by Defendant. *Phillips ex rel. Estates*

*of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Courts have found compelling reasons to seal proprietary business or sales information as well as sensitive commercial research or development data. *Prescott v. Reckitt Benckiser LLC,* No. 20-cv-02101-BLF, 2022 WL 847309, at *2 (N.D. Cal. Mar. 22, 2022) (finding "compelling reasons" to protect information related to "formulas, product development, and testing protocols")

## II. CONCLUSION

For the reasons stated above and until further order of the Court, Plaintiff shall file the portions of the documents identified below under seal.

| Docket No./Public (Sealed) | Document | Portion(s) Sought to Be Sealed | Evidence in Support of Seal | Ruling |
|---|---|---|---|---|
| ECF 190-3 (ECF 191-1) | Excerpt of Tesla's Response to Interrogatory No. 10 | Turquoise highlighted text on page 29 | Prescott Decl. | GRANTED |
| ECF 190-4 (ECF 191-2) | Excerpt of Tesla's Supplemental Response to Interrogatory No. 10 | Turquoise highlighted text on page 25 | Prescott Decl. | GRANTED |
| ECF 190-7 (ECF 191-3) | Granite Vehicle Ventures LLC'S Motion to Compel Document Productions | Turquoise highlighted text on pages 4–6 | Prescott Decl. | GRANTED |
| ECF 190-8 (ECF 191-5) | Ex. A – Corrupted Document Pages | Entirety of document | Prescott Decl. | GRANTED |
| ECF 190-9 (ECF 191-6) | Ex. B – Revenue Information | Entirety of document | Prescott Decl. | GRANTED |

United States District Court
Northern District of California

| | | | | |
|---|---|---|---|---|
| ECF 190-10 (ECF 191-6) | Ex. C – FSD Pricing Email | Entirety of document | Prescott Decl. | GRANTED |
| ECF 190-12 (ECF 191-7) | Tesla, Inc's Opposition to Granite Vehicle Ventures LLC's Motion to Compel Document Productions | Turquoise highlighted text on page 6 | Prescott Decl. | GRANTED |
| ECF 190-14 (ECF 191-8) | Excerpt of Discovery Correspondence | Turquoise highlighted text on page 3 | Prescott Decl. | GRANTED |
| ECF 190-15 (ECF 191-9) | Excerpt of Email re Document Production | Turquoise highlighted text on page 1 | Prescott Decl. | GRANTED |

IT IS SO ORDERED.

Dated: July 30, 2026

TRINA L. THOMPSON
United States District Judge